Simpson L. Barber *vs.* Boston Elevated Railway Company.

Middlesex.   March 28, 1921. — May 28, 1921.

Present: Rugg, C. J., De Courcy, Pierce, Carroll, & Jenney, JJ.

*Negligence,* Contributory, Imputed.   *Parent and Child.*   *Agency.*   *Evidence,* Presumptions and burden of proof.

Even if it be assumed, at the trial of an action of tort by a normal boy fourteen years of age against a street railway company for personal injuries received when a team, owned and driven by his father, with whom he was riding, was run into by a street car of the defendant negligently managed, that in the circumstances the relation of the father and son was that of servant and master or of persons engaged in a common enterprise and that negligence of the father could be imputed to the plaintiff, still the question, whether the plaintiff himself was guilty of contributory negligence, is an issue and the plaintiff would not be entitled to a verdict upon proof merely of due care of his father if upon the evidence the jury would be warranted in finding that the plaintiff personally was negligent.

Tort for personal injuries sustained by the plaintiff when fourteen years of age in a collision of a horse and wagon driven by his father with an electric street car of the defendant. Writ dated October 11, 1918.

In the Superior Court the action was tried before *Dubuque,* J. Material evidence and an exception saved by the defendant to a portion of the charge to the jury are described in the opinion. The jury found for the plaintiff in the sum of $2,000; and the defendant alleged exceptions.

*P. F. Drew,* (*C. S. Walkup, Jr.,* with him,) for the defendant.

*P. Mansfield,* for the plaintiff, submitted a brief.

Pierce, J. This is an action of tort brought by the plaintiff, a minor, against the defendant to recover damages for injuries sustained by the plaintiff through the alleged negligence of the

defendant on August 7, 1918. The injury was the result of a collision on Massachusetts Avenue, Cambridge, between a team, owned and driven by the father of the plaintiff, on which the plaintiff was riding, and a car of the defendant. The case was tried to a jury with an action by the father of the plaintiff against the same defendant to recover damages for injuries to his wagon, which were the result of the same collision. The answer of the defendant was a general denial, and the further answer that the plaintiff "is not entitled to maintain this action for the reason that at the time or times mentioned in [his] said declaration the plaintiff was not in exercise of due care." The defendant did not request a directed verdict for the defendant. In each case the jury returned a verdict for the plaintiff.

The evidence of the negligence of the defendant was ample to justify the submission of that issue to the jury. The evidence from which the due care or absence of due care of the plaintiff must be found presents questions of fact for the jury; and the evidence would not justify a ruling of law that there was due care or an absence of due care which in law contributed to the harm and injury of which either plaintiff complains.

The only exception taken by the defendant relates to the charge of the trial judge as to the due care of the plaintiff. In this regard the judge instructed the jury as follows: "The case of the son stands a little bit differently. The son was engaged with his father in what we call a common enterprise, so that the son can recover only in case the father himself can recover, namely, in case the father was not lacking in due care, and in case the defendant was careless. That is, if the father is not entitled to recover because he was not careful, then the son would not be entitled to recover because he was the driver of the team, he was engaged by his father, he was a servant of his father, did work for his father. He was not a guest in the proper sense of the term, was being engaged in a common enterprise; the care of one, the care of the father may be imputed to the son, and what I mean by that is that the son's case depends upon the care or want of care of his father, and the care or want of care of the defendant's motorman. If William Barber is entitled to recover, then the son would also be entitled to recover." At the conclusion of the charge the following colloquy took place:

" The defendant's counsel: — In the case of the boy there is no presumption that the father is exercising due care.

" The judge: — No, I said his case depended upon the due care of the father.

" The defendant's counsel: — If your Honor will save my exception. The boy must himself be in the exercise of due care.

" The judge: — He is engaged in common enterprise, it is the care of the person who has charge of it.

" The defendant's counsel: — If he is negligent himself, seeing the conditions there if he is negligent himself he cannot recover."

If we assume without deciding that the relation of father and minor son was that of master and servant, or that of persons engaged in a common enterprise, as the judge ruled without objection, and if we assume that the negligence of a parent as a matter of law under circumstances like those in this case can be imputed to a normal child, over fourteen years of age, as the judge also ruled without objection, we think the minor plaintiff was not entitled to a verdict upon proof of the due care of the father, if the jury upon the evidence should find the minor plaintiff was personally negligent. We are of opinion the due care of the plaintiff was an issue which should have been submitted to the jury, and that the exception, therefore, must be sustained.

*Exceptions sustained.*